UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00545-GNS-HBB

JOHN E. GRIFFIN                                                                 PLAINTIFF

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection (DN 20) to the Magistrate Judge's Findings of Fact, Conclusions of Law and Recommendation ("R&R") determining that the Commissioner's findings were supported by substantial evidence. (DN 19). For the reasons stated below, Plaintiff's Objection is **OVERRULED**.

### I.     BACKGROUND

On November 14, 2014, Plaintiff John Griffin ("Griffin") filed an application for Disability Insurance Benefits. (Administrative R. 26, DN 10-2). Griffin alleged that he became disabled as a result of impairments to his back and knees. (Administrative R. 26). Administrative Law Judge Teresa A. Kroenecke conducted a hearing on December 7, 2016, in Louisville, Kentucky. (Administrative R. 43). Also present was Linda L. Jones, who testified as a vocational expert. (Administrative R. 43). The ALJ determined that Griffin is capable of performing his past work as an electronics technician and thus denied his claim because he does not suffer from a disability as defined in the relevant part of the Social Security Act. (Administrative R. 35-36). Griffin timely

filed a request for the Appeals Council to review the ALJ's decision, but the Appeals Council denied that request. (Administrative R. 1-5).

Griffin filed his Complaint (DN 1) against the Commissioner on September 6, 2017, contending that the ALJ did not consider whether his Level 1 obesity is a severe impairment despite uncontradicted evidence showing that he had been obese for over 12 months. (Pl.'s Fact & Law Summ. 1-2, DN 13). Griffin argues this omission became reversible error at subsequent steps in the analysis because the ALJ failed to consider the combined effects of his Level 1 obesity on his musculoskeletal impairments in her fourth, fifth, sixth, and seventh findings. (Pl.'s Fact & Law Summ. 2-11).

In the R&R, the Magistrate Judge concluded that it was unnecessary to decide whether the ALJ erred by failing to find that Plaintiff's obesity is a severe impairment because that error alone was insufficient to reverse and remand the final decision of the Commissioner. (R&R 7). The Magistrate Judge stated that, "[g]enerally, so long as an [ALJ] finds that other impairments are severe, continues on with the sequential evaluation process, and considers all of a claimant's impairments in the remaining steps, the error is considered harmless." (R&R 7). Regarding his failed appeal, the Magistrate Judge determined that "the Court is jurisdictionally limited to reviewing the decision of the ALJ, not the Appeals Council." (R&R 18).

Griffin now objects to the Magistrate Judge's conclusion that "it does not appear that evidence existed in the record regarding Plaintiff's obesity that the ALJ should have considered at steps three and four." (Pl.'s Obj. 1, DN 20). Griffin also objects to the conclusion that he "failed to put obesity at issue in the administrative proceedings by failing to specifically list it in his application or specifically raise it at any point. (Pl.'s Obj. 1). Finally, Griffin "objects to the

Court's refusal to review the Appeals Council's decision not to consider new evidence furnished post hearing." (Pl.'s Obj. 6).

## II. STANDARD OF REVIEW

This Court reviews *de novo* the portions of the R&R to which objections have been filed, and the Court may accept, reject, modify the R&R, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). While specific objections are entitled to *de novo* review, "poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal." *Bardwell v. Colvin*, No. 5:15-CV-00196-GNS-LLK, 2017 WL 5885378, at *1 (W.D. Ky. Jan. 31, 2017) (internal quotation marks omitted) (citation omitted). As the Sixth Circuit has noted, "a general objection to a [magistrate judge's] report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted).

## III. DISCUSSION

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 *et seq*. The term "disability" is defined to include an "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months . . . . " 42 U.S.C. § 423(d)(1)(A).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating disability claims. 20 C.F.R. § 404.1520. The Commissioner's five steps, in summary, proceeds as follows:

(i) Is the claimant engaged in substantial gainful activity?
(ii) Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic work activities?
(iii) Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment in Appendix 1?
(iv) Does the claimant have the residual functional capacity to return to his or her past relevant work?
(v) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy.

*See* 20 C.F.R. § 404.1520.

The ALJ in the present case evaluated Griffin's claim pursuant to this five-step process. (Administrative R. 26). At step one, the ALJ found that Griffin had not engaged in substantial gainful activity since the alleged onset date on November 14, 2014. (Administrative R. 28). At step two, the ALJ determined that Griffin has the following "severe" impairments: lumbar degenerative disc disease and right knee degenerative joint disease with meniscus tear. (Administrative R. 28). The ALJ concluded at step three that Griffin does not have an impairment or combination thereof which meets or medically equals on the impairments listed in Appendix 1. (Administrative R. 29). At step four, the ALJ found Griffin has the residual function capacity to perform light work with specified physical and climatic limitations. (Administrative R. 29-30). Relying on the testimony from the vocation expert, the ALJ found at step five that Griffin is capable of performing his past work as an electronics technician concluded that he has not suffered from a "disability" as defined in the Social Security Act. (Administrative R. 35-36).

Griffin's first objection contends that there was evidence presented concerning his obesity and its attendant impairments, but the ALJ erred by failing to consider obesity-related impairments

4

at step two and in subsequent stages in the analysis. (Pl.'s Obj. 1-2). Griffin's first objection must be overruled because although the ALJ did not expressly find Griffin's obesity as a severe impairment at step two, she nevertheless continued onward under the five-step process and considered Griffin's impairments in the remaining steps of the analysis. Furthermore, the ALJ *did* consider certain musculoskeletal impairments and noted his height and weight in later steps of her analysis. (Administrative R. 30). Generally, so long as other impairments are characterized as severe and the ALJ proceeds with the sequential evaluation process considering all the claimant's impairments in the steps following, the failure to find that a condition constituted a "severe impairment [will] not constitute reversible error." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

Griffin's second objection takes issue with the Magistrate Judge's conclusion that he failed to put obesity at issue or offer evidence regarding its associated impairments. (Pl.'s Obj. 1). While the ALJ is procedurally required to consider "any additional and cumulative effects of obesity," a claimant must first put obesity at issue in the administrative proceedings by listing it as an impairment or difficulty to benefit from this procedural requirement. *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011) (citing 20 C.F.R. pt. 404, subpt. P app. 1, Listing 1.00Q, 3.00I, and 4.00F). While the record underlying Griffin's case contains mention of his obesity at various locations, nowhere is it specifically put at issue as an identified impairment, nor is there medical testimony describing how impairments associated with obesity restrict Griffin's ability to work. In *Reynolds*, this was fatal for the claimant because, even without waiving the issue, it did not appear that evidence existed in that case which the ALJ should have considered. *See id*. Here, even assuming Griffin put obesity at issue and offered evidence of its impairments,

the ALJ *did* consider musculoskeletal impairments and Griffin's weight in her considerations of the residual functional capacity analysis. (Administrative R. 30).

Griffin's final objection—that the magistrate judge erred in refusing to review the Appeal Council's decision not to consider evidenced furnished after his hearing—must also be denied. (Pl.'s Obj. 6). In support for his request for review of the ALJ's decision, Griffin submitted additional medical records to the Appeals Council dated February 16, March 10, March 16, and April 11, 2017 regarding his right knee and a partial lateral meniscectomy procedure. (Administrative R. 13-16, 21-22).

The Social Security Act limits judicial review to a final decision of the Commissioner made after a hearing. 42 U.S.C. § 405(g). When a claimant is not satisfied with an ALJ's decision, he or she may request review from the Appeals Council within sixty days of receiving the decision. 20 C.F.R. §§ 404.967-404.968. The Appeals Council denied Griffin's request for review of the ALJ's decision because the additional evidence did not affect the ALJ's decision addressing whether Griffin was disabled on or before February 6, 2017. (Administrative R. 1-5). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(b). This means that this Court is jurisdictionally limited to reviewing the ALJ's decision, not that of the Appeals Council. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). The dates of the medical records also do not suggest that they would have affected the ALJ's determination that Griffin was not disabled on or before February 6, 2017, so this does not justify a remand under sentence six of 42 U.S.C. § 405(g). *See id*. Accordingly, the Court lacks jurisdiction to consider Griffin's challenge to the Appeals Council's denial of review of the ALJ's decision.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Objection (DN 20) is **OVERRULED**, and the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 19) is **ADOPTED**.

Greg N. Stivers, Chief Judge
United States District Court

June 13, 2019

cc: counsel of record